IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 25-cv-00345-RMR-TPO

CADI US, LLC,

    Plaintiff,

v.

STATEBRIDGE COMPANY, LLC;
FRONTRANGE ACQUISITION, LLC;
CRESTONE HOLDINGS, LLC;
KEVIN KANOUFF;
DAVID MCDONNELL;
GLENN ROBSON;
DAVID ROBERTSON;
SCOTT BERRY; and
JOHN DOES I-X;

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

    This matter is before the Court on the Recommendation of United States Magistrate Judge, entered on January 6, 2026, ECF No. 23, addressing Defendants' Unopposed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), ECF No. 20. Magistrate Judge Timothy P. O'Hara recommends that the Motion be granted. No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law to the extent it recommends granting the motion to compel arbitration. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard.

Additionally, the Tenth Circuit has "adopted a firm waiver rule providing that the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." *Meier v. Aspen Acad.*, No. 24-1372, 2025 WL 2555832, at *1 (10th Cir. Sept. 5, 2025) (citing *Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016)). There are only two exceptions to this rule: when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review. *Id.* (citing *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005)). Neither exception applies in this case.

Accordingly, it is **ORDERED** as follows:

1) The Recommendation of the United States Magistrate Judge, ECF No. 23, is **ACCEPTED and ADOPTED**;

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed R. Civ. P. 72(b).

2

2) Defendant's Unopposed Motion to Dismiss, ECF No. 20 is **GRANTED**; and

3) Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

DATED: January 23, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge